UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MUHAMMAD MILHOUSE,

                Plaintiff,

-against-

MORGAN AND MORGAN, P.A.; MS. KATHLEEN BEATTY; TARA CRUZ; TARIQ SHURY; and JOHN DOE/JANE DOE,

                Defendants.

23-CV-7016 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, a New York resident who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. He asserts a breach of contract claim against residents of New York and Florida. By order dated August 11, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with 30 days' leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint. On October 20, 2021, at 90 Broad Street, in New York, New York, Plaintiff called Defendant Morgan and Morgan ("Morgan"), a Florida law firm, to hire an attorney to represent him in an action arising from his being assaulted and raped, from January 20, 2021, to February 7, 2021, while housed in a Covid-19 isolation unit at a Hilton Inn in New York, New York. (*See* ECF 2, at 41-42.)

During the October 20, 2021 call to Morgan, Plaintiff spoke with an individual at the firm: "I told the interviewer that I am a victim of rape and sexual assault and that this crime took

place inside a government isolation site located inside of the Hilton Garden Inn 6 Water Street N.Y. N.Y."[1] (ECF 1, at 5.) Immediately following this call, Plaintiff "received an[ ] email and was told to open the link and sign the contact[.]" (*Id.*) The interviewer informed Plaintiff to "keep an eye out[,] your legal team will contact you in a few day[s]." (*Id.* at 6-7.)

On October 26, 2021, during a phone call, Plaintiff spoke with his "lawyer for the last time because she sent me an[ ] email telling me my contract is a[s] good as terminated and . . . her decision was final no matter what the contract said." (*Id.* at 7.) After this call, Plaintiff "called the number that's on the website . . . [and] for 5 hours trying [to] fix this and was told that the firm is working on it and . . . a new lawyer will be calling me in a few days." (*Id.*) "[M]onths went by and still I was sent emails from my client experience team stating we are working [on] the problem now[.]" (*Id.*) After several attempts to connect with the law firm, Plaintiff eventually filed a complaint with the Better Business Bureau and learned that Defendant Millhouse had "defrauded" him. (*Id.* at 8.) Plaintiff "took matters into my own hands and filed the complaint pro se." (*Id.*) (citing *Millhouse v. City of New York*, ECF 1:22-CV-2934, 2 (S.D.N.Y. Aug. 24, 2023)) ("*Millhouse I*").[2]

Plaintiff asserts a breach of contract claim against the Florida law firm, Morgan; Kathleen Beatty, his New York lawyer; Tara Cruz, a team manager who works at the same New York office as Beatty; Tariq Shury, a supervisor at Morgan; and unidentified individuals who worked with Beatty and Cruz as Plaintiff's "client experience team."

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

[2] In *Millhouse I*, Judge Barbara C. Moses recommended that Judge John P. Cronan dismiss the action without prejudice for failure to prosecute. *See Millhouse I* (Doc. No. 45). On August 24, 2023, Judge Cronan adopted the recommendation and dismissed the action. *See id.* (Doc. No. 46).

Plaintiff attaches to the complaint an undated letter from Beatty to Plaintiff where Beatty informs Plaintiff that "Morgan has decided to respectfully decline representation." (ECF 1, at 25-26.) Plaintiff also attaches several documents related to *Millhouse I*, including the underlying documents, his amended complaint, and information provided by the New York City Department of Homeless Services regarding isolation sites erected during the Covid-19 pandemic.

Plaintiff now brings this breach of contract claim seeking money damages in the amount of $544,000,000.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

4

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff invokes the Court's federal question jurisdiction but does not state facts suggesting that Defendants violated any federal law. Rather, Plaintiff asserts that Defendants breached a contract, a cause of action that arises under state law. The Court therefore cannot exercise federal question jurisdiction of the asserted claim.

Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and all defendants are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where a person "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.*

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C.

§ 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff and two of the Defendants, Beatty and Cruz, all appear to be domiciled in New York, precluding complete diversity of citizenship. Plaintiff provides these Defendants' work addresses and does not otherwise suggest that they live outside of New York. The Court therefore cannot exercise diversity jurisdiction of Plaintiff's state law claim.

## LEAVE TO AMEND

Generally, a district court should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). Accordingly, the Court grants Plaintiff leave to amend his complaint to reassert his breach of contract claim and to drop any dispensable nondiverse defendants.[3]

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

[3] Any action brought against the Florida Defendants may require the Court to consider whether it may exercise personal jurisdiction of such defendants.

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 27, 2023
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge