UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUHAMMAD MILHOUSE,

                Plaintiff,

-v.-

MORGAN & MORGAN PLLC and
MORGAN AND MORGAN P.A.,

                Defendants.

23 Civ. 7016 (KPF)

**ORDER OF SERVICE**

KATHERINE POLK FAILLA, District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction. By order dated August 11, 2023, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (indicating that the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1]     Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issued.

To allow Plaintiff to effect service on Defendant Morgan and Morgan New York, PLLC[2] through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to terminate the defendants not named in the second amended complaint, that is, "Morgan & Morgan PLLC," Kathleen Beatty, Tara Cruz, T. Shurly, and John Doe/Jane Doe. The only remaining defendants in this action are "Morgan and Morgan New York, PLLC" and "Morgan and Morgan P.A."

---

[2] Plaintiff also names as a defendant "Morgan and Morgan P.A." It does not appear that this entity is a separate entity. Thus, the Court does not direct service on this entity as well.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: October 18, 2024
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

Morgan and Morgan New York, PLLC
20 North Orange Avenue
16th Floor
Orlando, FL 32801