UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUHAMMAD MILHOUSE,<br><br>                              Plaintiff,<br><br>                    -v.-<br><br>MORGAN AND MORGAN P.A. and<br>MORGAN AND MORGAN NEW YORK,<br>PLLC,<br><br>                              Defendants. | 23 Civ. 7016 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

Plaintiff Muhammad Milhouse filed this action against his former attorneys, Morgan and Morgan P.A. and Morgan and Morgan New York, PLLC (together, "Defendants"), raising state-law claims for breach of contract and legal malpractice.  Defendants have moved to dismiss Plaintiff's Second Amended Complaint, the operative pleading in this matter, for lack of subject matter jurisdiction.  Because the parties are nondiverse, and no other basis for federal jurisdiction exists, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

### A.    Factual Background

On August 9, 2023, Mr. Milhouse filed a complaint alleging breach of contract and legal malpractice against Defendants in this Court.  (Dkt. #1).  He seeks damages in the amount of $544,000,000.  In the Second Amended Complaint (or "SAC"), Mr. Milhouse alleges that the basis for federal jurisdiction over this matter is diversity of citizenship.  (Dkt. #20 ("SAC") at 2).

Mr. Milhouse states in the SAC that he is a citizen of New York, meaning that he "resides [there] and intends to remain." (*Id.*).  The SAC alleges that Defendants are citizens of Florida.  (*Id.* at 3).

But Defendants have provided an affidavit indicating that "[s]ince its founding, Morgan & Morgan New York, PLLC's members have at all times included at least one private individual who is a citizen of the State of New York." (Dkt. #49-1 ¶ 4)  The affidavit further states that "[a]t all times since the beginning of this litigation, Morgan & Morgan New York, PLLC has been a citizen of the State of New York for purposes of diversity jurisdiction." (*Id.* ¶ 6).  Mr. Milhouse has not contested these assertions outside the SAC.

**B.    Procedural Background**

This case had a lengthy procedural history even before Defendants appeared.  (*See* Dkt. #7-19).  Eventually, Mr. Milhouse filed the SAC on August 16, 2024 (Dkt. #20).  After filing the SAC, Mr. Milhouse obtained a Clerk's Certificate of Default on February 3, 2025, because Defendants had not appeared.  (Dkt. #36).  Then, on June 4, 2025, he moved for Default Judgment.  (Dkt. #40-41).  Defendants appeared in the case on June 26, 2025.  (Dkt. #43).  Shortly thereafter, Defendants filed a pre-motion letter regarding an anticipated motion to dismiss.  (Dkt. #44).  Mr. Milhouse responded with a request that the Court reject Defendants' counsel's appearance in this case.  (Dkt. #45-46).

The Court held a hearing on August 21, 2025.  (*See* August 21, 2025 Minute Entry; Dkt. #47).  At the hearing, the Court vacated the certificate of default and denied Plaintiff's motions for default judgment and for rejection of

defense counsel's appearance in the case. (Dkt. #48). The Court also granted Defendants leave to file a motion to dismiss and set a briefing schedule. (*Id.*).

Defendants filed their motion to dismiss and supporting papers on September 12, 2025. (Dkt. #49). Then, two weeks later, Mr. Milhouse sought leave to file an interlocutory appeal of the Court's Order denying his motion for default judgment. (Dkt. #50-51). The Court denied that motion. (Dkt. #52). Mr. Milhouse did not timely file an opposition to Plaintiff's motion to dismiss, which was originally due on October 31, 2025. (Dkt. #48). In response, on November 20, 2025, the Court issued an Order giving Plaintiff one last chance to file his opposition. (Dkt. #53). The new deadline for Mr. Milhouse's opposition was December 5, 2025, and the Court warned Mr. Milhouse that failure to file an opposition by that date would cause the Court to consider Defendants' motion to dismiss as unopposed. (*Id.*). Mr. Milhouse never filed his opposition. The Court now considers Defendants' motion to dismiss.

## DISCUSSION

### A.    Motions to Dismiss for Lack of Subject Matter Jurisdiction

A district court may only hear a case that it has "the statutory or constitutional power to adjudicate." *Makarova* v. *United States*, 201 F.3d 110, 113 (2d Cir. 2000). If the court lacks that authority, it must dismiss the case for lack of subject matter jurisdiction. *Id.*; *see also United Food & Com. Workers Union, Local 919* v. *Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("Where jurisdiction is lacking, . . . dismissal is mandatory."); Fed. R. Civ. P. 12(h)(3).

In determining whether subject matter jurisdiction exists, courts "appl[y] a 'time-of-filing rule' that 'measures all challenges to subject-matter jurisdiction … against the state of facts that existed at the time of filing.'" *Finnegan* v. *Long Island Power Auth.*, 409 F. Supp. 3d 91, 95-96 (E.D.N.Y. 2019) (quoting *Grupo Dataflux* v. *Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004)); *see also Carling* v. *Peters*, No. 10 Civ. 4573 (PAE) (HBP), 2013 WL 865842, at *3 (S.D.N.Y. Mar. 8, 2013) ("It is black-letter law that '[s]atisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed[.]'" (first alteration in original) (quoting *Wolde-Meskel* v. *Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999))).

Where a defendant proffers evidence related to subject matter jurisdiction beyond the complaint, a motion to dismiss for lack of subject matter jurisdiction is "fact based." *MMA Consultants 1, Inc.* v. *Republic of Peru*, 719 F. App'x 47, 49 (2d Cir. 2017) (summary order); *Ujka* v. *Mayorkas*, No. 24 Civ. 4801 (KPF), 2025 WL 2419545, at *3 (S.D.N.Y. Aug. 21, 2025) (distinguishing "facial" and "fact-based" Rule 12(b)(1) motions). "In opposition to such a motion, a plaintiff must 'come forward with evidence of their own to controvert that presented by the defendant[.]'" *Katz* v. *Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017) (quoting *Carter* v. *HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016)).

The court should "not . . . draw[ ] from the pleadings inferences favorable to the party asserting [jurisdiction]." *APWU, AFL-CIO* v. *Potter*, 343 F.3d 619,

4

623 (2d Cir. 2003) (internal quotation marks omitted) (quoting *Shipping Fin. Servs. Corp.* v. *Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).  But the court should "accept[ ] all material factual allegations in the complaint as true 'unless contradicted by more specific allegations or documentary evidence.'"  *Lawrence Moskowitz CLU Ltd.* v. *ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) (summary order) (quoting *Amidax Trading Grp.* v. *S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)).

**B.    The Court Lacks Subject Matter Jurisdiction over This Case**

Given that there is no federal question in this case,[1] the only plausible basis for subject matter jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332.  The diversity jurisdiction statute requires that all plaintiffs have diverse state citizenship from all defendants.  *Caterpillar Inc.* v. *Lewis*, 519 U.S. 61, (1996) ("The current general-diversity statute, permitting federal district court jurisdiction over suits ... 'between ... citizens of different states,' ... applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." (quoting 28 U.S.C. § 1332(a))).

For the purposes of diversity jurisdiction, a limited liability company, such as Defendant Morgan and Morgan New York, PLLC, has the citizenship of each of its members.  *Handelsman* v. *Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also MinedMap, Inc.* v. *Northway Mining, LLC*,

---

[1]    Plaintiff appears to recognize this, as the SAC lists only diversity jurisdiction as a basis for jurisdiction.  (SAC 2).  This Court also previously determined that federal question jurisdiction was lacking in this case.  (Dkt. #7 at 5).  While that determination was based on an earlier version of the complaint, the SAC asserts the same state-law claims. (SAC 2).

No. 21-1480 Civ., 2022 WL 570082, at *2 (2d Cir. Feb. 25, 2022) (summary order) ("Where the parties are limited liability companies, diversity must exist as to each member."); *Sullivan* v. *Ruvoldt*, No. 16 Civ. 583 (ER), 2017 WL 1157150, at *5 (S.D.N.Y. Mar. 27, 2017) (dismissing for lack of subject matter jurisdiction based on citizenship of single member of defendant PLLC).

The parties agree that Mr. Milhouse is a citizen of New York for the purpose of diversity jurisdiction. (*See* SAC 2). Whether subject matter jurisdiction exists in this case thus requires each Defendant to lack New York citizenship. But here, at least one Defendant — Morgan and Morgan New York, PLLC — is also a citizen of New York.

Morgan and Morgan New York, PLLC is a limited liability company, and one member of that entity was a citizen of New York when Mr. Milhouse filed this action. The affidavit Defendants attached to their motion proves this, indicating that "[s]ince its founding, Morgan & Morgan New York, PLLC's members have at all times included at least one private individual who is a citizen of the State of New York." (Dkt. #49-1 ¶ 4; *see also id.* at ¶ 5-6). Mr. Milhouse did not contest these assertions. *See Katz*, 872 F.3d at 119. The Court thus finds that Morgan and Morgan New York, PLLC is a citizen of New York for the purpose of diversity jurisdiction because one of its members was a New York citizen when Mr. Milhouse filed this case. As such, diversity jurisdiction is lacking because Mr. Milhouse shares citizenship with Defendant Morgan and Morgan New York PLLC.

6

## CONCLUSION

Defendants' motion to dismiss this case for lack of subject matter jurisdiction is GRANTED.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:      December 12, 2025
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

7